JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PKF Mark, III, Inc., et al.

## DEFENDANTS
Foundation for Fair Contracting, et al.

**(b)** County of Residence of First Listed Plaintiff **Bucks**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Burlington**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Walter H. Flamm, Jr. &
Robert J. Krandel; Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike, Blue Bell, PA  19422

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
42 U.S.C.A. Section 1983
Brief description of cause:
Violations of Plaintiffs' rights under the 5th & 14th Amendment to U.S. Const.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)

JUDGE _____

DOCKET NUMBER _____

DATE
Nov. 27. 2007

SIGNATURE OF ATTORNEY OF RECORD
_Robert J Krandel_

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT                                APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _170 Pheasant Run Road, P.O. Box 390, Newtown, PA  18940_

Address of Defendant:_230 NOrth Maple Avenue, Suite B1-249, Marlton, NJ 08053_& P.O. Box 6855, Rarita

Place of Accident, Incident or Transaction: _Pennsylvania_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))__        Yes ☐  No ☐

Does this case involve multidistrict litigation possibilities?                              Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                                              Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                                Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                              Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Robert J. Krandel_ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _Nov. 27. 2007_     Robert J. Krandel          89485
                          Walter H. Flamm, Jr.        16607
                          Attorney-at-Law             Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.                        Robert J. Krandel          89495
DATE: _Nov. 27. 2007_                         Walter H. Flamm, Jr.        16607
                                              Attorney-at-Law             Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

PKF Mark III, Inc.                                          CIVIL ACTION

                          v.

Foundation for Fair Contracting, et al.                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| 11/27/2007 | Robert J. Krandel<br>Walter H. Flamm, Jr. | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-419-1500 | 267-419-1560 | Rjkrandel@flammlaw.com<br>Whflamm@flammlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APPENDIX N

## SUMMONS IN A CIVIL ACTION

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| PKF Mark III, Inc., et al.<br><br>v.<br><br>Foundation for Fair Contracting, et al. | CIVIL ACTION NO.<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br>Foundation for Fair Contracting<br>230 NOrth Maple Avenue<br>Suite B1-249<br>Marlton, NJ  08053 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
 Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within        days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

APPENDIX N

## SUMMONS IN A CIVIL ACTION

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| PKF Mark III, Inc., et al.<br><br>    v.<br><br>Foundation for Fair Contracting , et al. | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF<br>        DEFENDANT)<br><br>Thomas St. John<br>230 North Maple Avenue<br>Suite B1-249<br>Marlton, NJ  08053 |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)
Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within      days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

SUMMONS IN A CIVIL ACTION                                    APPENDIX N

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| PKF Mark III, Inc., et al.<br><br>    v.<br><br>Foundation for Fair Contracting, et al. | CIVIL ACTION NO.<br><br>TO: (NAME AND ADDRESS OF<br>      DEFENDANT)<br>New Jersey REgional Council of<br>Carpenters<br>P.O. Box 6855<br>91 Fieldcrest Avenue<br>Raritan Center, Raritan Plaza II<br>Edison, NJ  08818 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within      days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

APPENDIX N

## SUMMONS IN A CIVIL ACTION

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PKF Mark III, Inc., et al.<br><br>    v.<br><br>Foundation for Fair Contracting, et al. | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF<br>      DEFENDANT)<br><br>Robert "Skip" Boyce<br>New Jersey Regional Council of<br>Carpenters<br>P.O. Box 6855<br>91 Fieldcrest Avenue<br>Raritan Center, Raritan Plaza II<br>Edison, NJ  08818 |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)
 Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within      days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

SUMMONS IN A CIVIL ACTION                    APPENDIX N

| | |
|---|---|
| **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA** | |
| PKF Mark III, Inc., et al.<br><br>    v.<br><br>Foundation for Fair Contracting, et al. | CIVIL ACTION NO.<br><br>TO: (NAME AND ADDRESS OF<br>     DEFENDANT)<br>Robert Tarby<br>Local 623<br>United Brotherhood of Carpenters and<br>Joiner of America<br>26 South New York Avenue<br>Atlantic City, NJ  08401 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within      days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: |
| (By) Deputy Clerk | |

SUMMONS IN A CIVIL ACTION                                              **APPENDIX N**

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| PKF Mark III, Inc., et al.<br><br>v.<br><br>Foundation for Fair Contracting, et al. | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br>Local 623<br>United Brotherhood of Carpenters and Joiner of America<br>26 South New York Avenue<br>Atlantic City, NJ  08401 |

**YOU ARE HEREBY SUMMONED and required to serve upon**

Plaintiff's Attorney (Name and Address)
Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within        days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

SUMMONS IN A CIVIL ACTION                                    APPENDIX N

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| PKF Mark III, Inc., et al.<br><br>    v.<br><br>Foundation for Fair Contracting, et al. | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF<br>     DEFENDANT)<br><br>Albert G. Kroll<br>Kroll, Heineman, Giblin, LLC.<br>Metro Corporate Campus I<br>99 Wood Avenue South<br>Suite 307<br>Iselin, NJ  08830 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within      days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

**SUMMONS IN A CIVIL ACTION**    **APPENDIX N**

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| PKF Mark III, Inc., et al.<br><br>    v.<br><br>Foundation for Fair Contracting, et al. | CIVIL ACTION NO.<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br>Frank Spencer<br>New Jersey Regional Council of Carpenters<br>P.O. Box 6855<br>91 Fieldcrest Avenue<br>Raritan Center, Raritan Plaza II<br>Edison, NJ  08818 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

SUMMONS IN A CIVIL ACTION                                    APPENDIX N

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| PKF Mark III, Inc., et al.<br><br>        v.<br><br>Foundation for Fair Contracting, et al. | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br>Kevin P. McCabe<br>New Jersey Regional Council of Carpenters<br>P.O. Box 6855<br>91 Fieldcrest Avenue<br>Raritan Center, Raritan Plaza II<br>Edison, NJ  08818 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)
 Walter H. Flamm, Jr. & Robert J. Krandel
Flamm, Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA  19422
267-419-1500

an answer to the complaint which is herewith served upon you, within        days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PKF MARK III INC.                                         :
170 Pheasant Run Road                                     :     CIVIL ACTION
P.O. Box 390                                              :
Newtown, PA 18940                                         :     NO.
       And                                                 :
PETER E. GETCHELL                                         :
632 Cedar Lane                                            :
Perkasie, Pennsylvania 18944                              :
       And                                                 :
STEPHEN P. NEIDHART                                       :
6167 Yorkshire Road                                       :
New Hope, PA  18938                                       :
       And                                                 :
CRAIG L. KOLBMAN                                          :
P.O. Box 78                                               :
Wycombe, PA  18980                                        :
       And                                                 :
GLENN A. ELY                                              :
419 Woodhill Road                                         :
Newtown, PA  18940                                        :
       And                                                 :
MITCHELL BALAND                                           :
1265 Wilshire Drive                                       :
Yardley, PA  19067                                        :
              Plaintiffs

        v.

FOUNDATION FOR FAIR CONTRACTING
230 North Maple Avenue
Suite B1 – 249
Marlton, New Jersey 08053
       And
THOMAS ST. JOHN
230 North Maple Avenue
Suite B1 – 249
Marlton, New Jersey 08053
       And
NEW JERSEY REGIONAL COUNCIL OF
CARPENTERS
P.O. Box 6855
91 Fieldcrest Avenue
Raritan Center, Raritan Plaza II
Edison, New Jersey 08818
       And

ROBERT "SKIP" BOYCE
NEW JERSEY REGIONAL COUNCIL OF
CARPENTERS
P.O. Box 6855
91 Fieldcrest Avenue
Raritan Center, Raritan Plaza II
Edison, New Jersey 08818
  And
ROBERT TARBY
Local 623
United Brotherhood of Carpenters and Joiner of
America
26 South New York Avenue
Atlantic City, NJ  08401
  And
LOCAL 623
UNITED BROTHERHOOD OF CARPENTERS AND
JOINER OF AMERICA
26 South New York Avenue
Atlantic City, NJ  08401
  And
ALBERT G. KROLL
KROLL, HEINEMAN, GIBLIN, LLC.
Metro Corporate Campus I
99 Wood Avenue South
Suite 307
Iselin, NJ  08830
  And
FRANK SPENCER
NEW JERSEY REGIONAL COUNCIL OF
CARPENTERS
P.O. Box 6855
91 Fieldcrest Avenue
Raritan Center, Raritan Plaza II
Edison, New Jersey 08818
  And
KEVIN P. MCCABE
NEW JERSEY REGIONAL COUNCIL OF
CARPENTERS
P.O. Box 6855
91 Fieldcrest Avenue
Raritan Center, Raritan Plaza II
Edison, New Jersey 08818
    Defendants

## **COMPLAINT**

Plaintiffs by and through undersigned counsel brings the following

Complaint against Defendants and aver as follows:

232147 v8

## PARTIES

1.      Plaintiff, PKF Mark III, Inc., ("PKF") is a general contractor engaged in the business of *inter alia*, construction of public works projects.  PKF is considered a "heavy/highway contractor" and maintains a principle place of business at 170 Pheasant Run, Newtown, Pennsylvania, 18940.

2.      Plaintiff, Peter E. Getchell ("Getchell") is an individual citizen of the Commonwealth of Pennsylvania who resides at 632 Cedar Lane, Perkasie, Pennsylvania 18944.

3.      Plaintiff, Stephen P. Neidhart is an individual citizen of the Commonwealth of Pennsylvania who resides at 6167 Yorkshire Road, New Hope, Pennsylvania 18938.

4.      Plaintiff, Craig L. Kolbman is an individual citizen of the Commonwealth of Pennsylvania who resides at P.O. Box 78, Wycombe, Pennsylvania 18980.

5.      Plaintiff, Glenn A. Ely is an individual citizen of the Commonwealth of Pennsylvania who resides at 419 Woodhill Road, Newtown, Pennsylvania 18940.

6.      Plaintiff, Mitchell Baland is an individual citizen of the Commonwealth of Pennsylvania who resides at 1265 Wilshire Drive, Yardley, Pennsylvania 19067.

7.      Defendant Foundation for Fair Contracting, Inc. ("FFC") is an organization having its principal place of business at 230 North Maple Avenue, Suite B1 – 249, Marlton, New Jersey 08053.

8.      Defendant Thomas St. John is an individual citizen of New Jersey and maintains a business address at 230 North Maple Avenue, Suite B1 – 249, Marlton, New Jersey 08053.

9.      Defendant New Jersey Regional Council of Carpenters ("Regional Council") is a labor organization having its principal place of business in the State of New Jersey at P.O. Box 6855, Raritan Plaza II, Edison, New Jersey 08818.

10.     Defendant Robert "Skip" Boyce is upon information and belief an individual citizen of New Jersey and maintains a business address at New Jersey Regional Council of Carpenters, Raritan Center, Raritan Plaza II, 91 Fieldcrest Avenue, Edison, New Jersey 08818.

11.     Defendant Robert Tarby is upon information and belief an individual citizen of New Jersey and maintains a business address at Local 623, United Brotherhood of Carpenters and Joiners of America, 26 South New York Avenue, Atlantic City, New Jersey, 08401.

12.     Defendant Local 623, United Brotherhood of Carpenters and Joiners of America ("Local 623") is a labor organization with a principal place of business at 26 South New York Avenue, Atlantic City, New Jersey, 08401.

13.    Defendant Albert G. Kroll is upon information and belief an individual citizen of New Jersey and maintains a business address at Kroll Heineman Giblin, LLC, Metro Corporate Campus I, 99 Wood Avenue South, Suite 307, Iselin, New Jersey 08830.

14.    Defendant Frank Spencer is upon information and belief an individual citizen of New Jersey and maintains a business address at New Jersey Regional Council of Carpenters, Raritan Center, Raritan Plaza II, 91 Fieldcrest Avenue, Edison, New Jersey 08818.

15.    Defendant Kevin P. McCabe is upon information and belief an individual citizen of New Jersey and maintains a business address at New Jersey Regional Council of Carpenters, Raritan Center, Raritan Plaza II, 91 Fieldcrest Avenue, Edison, New Jersey 08818.

## STATEMENT OF JURISDICTION AND VENUE

16.    This Court has jurisdiction over this matter because Plaintiffs are asserting violations of their rights under the Fifth and Fourteenth Amendments to the United States Constitution.  28 U.S.C. § 1331.

17.    This Court has supplemental jurisdiction over Plaintiffs' allegations regarding tortious interference with prospective contractual relationships and civil conspiracy.  28 U.S.C. § 1367(a).

18.    Venue is proper in this district because Defendant's unconstitutional activities are directed at Plaintiff, who resides in this judicial district.  28 U.S.C. §

1391(a), substantial acts in furtherance of this conduct took place in this judicial district, and the harm occasioned by the conduct of the defendants took place in this judicial district.

## FACTS

### *PKF Mark III, Inc.*

19.    PKF is in the business of heavy and highway construction.  PKF is an award winning contractor, having set goals and standards of excellence in construction, safety and infrastructure contribution throughout the Northeastern and Mid-Atlantic United States.

20.    PKF does a large amount of public work for the citizens of New Jersey to make their lives better and their travel easier.  Over the past 20 years alone, PKF has built, alone or with others, such notable projects as NJ-DOT Route 55; NJ-DOT Route 295; NJ-DOT Route 90; NJ-DOT Route 29 Tunnel; New Jersey American, Tri-County Water Treatment Plant; Camden County Municipal Utilities Authority Wastewater Treatment Plant; Stoney Brook Regional Sewerage Authority – Wastewater Treatment Plant; New Jersey Turnpike Authority, Driscoll Bridge Widening; and New Jersey Turnpike Authority, Driscoll Bridge Widening Roadway Approaches and Miscellaneous Structures.

21.    Plaintiffs Getchell, Neidhart, Kolbman, Ely, and Baland are all officers of PKF.

232147 v8

22.     Plaintiffs Getchell, Neidhart and Kolbman are all directors of PKF.

23.     Defendant St. John is the Executive Director of Defendant FFC.  St.
John is a representative and an agent of all of the Defendants in this action.

24.     Defendant Boyce a representative and an agent of Defendant Regional
Council

25.     Defendant Tarby is a representative and an agent of Defendant Local
623.

26.     Defendant McCabe is a representative and an agent of Defendant
Regional Council

27.     Defendant Spencer is a representative and an agent of Defendant
Regional Council.

28.     Defendant Kroll is an attorney, a representative of, and an agent for
Defendants Local 623 and Regional Council.

29.     PKF's employees are represented for collective bargaining purposes
by the United Steelworkers AFL-CIO, ("USW"), one of this Country's largest trade
unions.  USW is the exclusive representative of PKF's employees by law.
Because the USW has been selected as the collective bargaining representative
of PKF's employees, other Unions are legally prohibited from attempting to
disrupt this collective bargaining relationship.

30.    Because much of PKF's work is infrastructure, or directly related to infrastructure, much of PKF's work is performed for public and/or governmental bodies.

31.    Performing work for public owners brings with it the obligation to comply with many laws and regulations.

32.    Typically, on public projects, contractors must adhere to what are known as "Prevailing Wage Laws." Under the Prevailing Wage Laws, the rates of pay for workers in various classes of employment are set forth in the bid documents for the project. Those wages differ according to classification of worker. For instance, laborers, carpenters, and ironworkers each have a distinct prevailing wage.

33.    The wage and fringe benefit rates for each project are required to be derived by the New Jersey State Department of Labor ("DOL"), from a survey of wages paid to workers in the area.

**The BCT and its Role in Public Projects Performed by PKF**

34.    For years, a number of unions, including Defendants Local 623 and Regional Council, and persons and unions affiliated with the Building and Construction Trades ("BCT") have desired to displace USW as the collective bargaining representative of PKF's employees and have expressed the goal and desire to supplant the USW as the representative of PKF's employees for purposes of collective bargaining for wages, hours and other terms and

conditions of employment.  In furtherance of this goal, Local 623, Regional

Council, and other unions, have engaged in various activities calculated to put

PKF out of business or, at the very least, to keep it out of what they deem to be

their "territory" -- the State of New Jersey --  unless PKF signs collective

bargaining agreements with them.

     35.     Local 623, Regional Council, and their agents and representatives,

including the individual Defendants in this action, have developed a close

relationship with the representatives of the DOL to the point that the Defendants

act as the surrogates for the DOL, and the DOL suffers, permits, and approves

them to act as its surrogates.  In reality, the wage and fringe rates which DOL

promulgates as the so-called "prevailing wages" are provided by the Defendants,

and unions affiliated with the Building and Construction Trades Department of the

AFL-CIO, and virtually no investigation is performed by DOL to determine

whether those wage and fringe rates are in fact the "prevailing" rates of pay.

     36.     Because of the of the relationship between the Defendants and DOL,

the Defendants have a unique, unequal  and unfair access to the DOL to the

point that BCT controls the actions of, and acts on behalf of, or in lieu of, the

DOL.  To a very large extent, the Defendants FFC, Local 623, Regional Council,

by and through their agents, including the individual Defendants in this action,

have usurped the powers and duties of DOL, and DOL has in turn abrogated

those powers and duties and has accepted that usurpation.

### *The Defendants' Use of the FFC to Co-Opt New Jersey Department of Labor*

37.    Upon information and belief, FFC is affiliated with, and receives financial support from, various unions in the New Jersey area, including Local 623 and Regional Council, and the BCT.

38.    FFC exists for the purpose, among others, of using the State of New Jersey as a weapon for keeping non-BCT contractors from doing business in New Jersey on public work projects.

39.    By acting under color of state law, and through other similar means, the defendants engage in a continuing scheme, plan and course of conduct which is designed to expose PKF and other contractors who have not signed collective bargaining agreements with unions affiliated with the BCT or the Carpenters Union to meritless and expensive audits, and debarment proceedings brought by the DOL arising out of the administration of the Prevailing Wage Laws.

40.    Because the Defendants can control, influence, or direct DOL, they are able to effectively raise the "cost of doing business with the State of New Jersey" by having the DOL, at taxpayers' expense, prosecute contractors targeted by the Defendants for violations of the Prevailing Wage Law where there is in fact no violation of that law.

41.    One scheme employed by the Defendants in furtherance of their scheme is for the FFC to represent itself to employees as the New Jersey DOL

Wage and Hour Division.  Often, as a result of these misrepresentations, workers believe that they are dealing directly with DOL.

42.    In other instances, Local 623 and/or Regional Counsel informs employees that they will put the employees into contact with the New Jersey DOL, and then introduce FFC to the employees.

43.    In many instances, FFC will represent to owners of projects that it is "enforcing" the Prevailing Wage Laws and demand that the owner produce copies of certified payrolls of contractors working on public works.  FFC uses the certified payrolls to garner the names and addresses of employees of the contractors.  The names and addresses are used to solicit spurious claims for wage payments under the Prevailing Wage Laws from workers who are duped by FFC.

44.    FFC informs employees that if they will claim to have worked in a different, higher paid classification of work, the DOL will secure "unpaid" wages measured by the difference between the employees' actual rate of pay and some higher rate for a different classification.

45.    Employees may be duped by FFC into believing that they are actually misclassified.  Other employees who are less scrupulous will make a false claim out of simple greed.  In reality, there is no factual basis for the claims FFC makes about misclassification.

46.    Frequently, FFC will fill out affidavits for the employees stating that they were misclassified and/or underpaid.  In some cases, the employees' "statements" will have been created before the FFC even interviews the employees.   In some cases, the affidavits by employees purport to recount specific tasks that the employees performed on jobs years in the past.

47.    FFC then takes the false claims to DOL, and DOL institutes proceedings against the employer without doing any independent verification or investigation of its own, rather instead relying completely on the representations and direction of FFC and/or Local 623 and/or Regional Council and/or the individual Defendants.

48.    Local 623, Regional Council, and the individual Defendants have unfettered access to the DOL offices.  They are able to receive records and other information from DOL that DOL will not provide to the general public, even under a request made pursuant to the New Jersey Open Public Records Act ("OPRA").

49.    Defendants have meetings with DOL personnel to plan strategies and prosecutions of contractors that FFC, Local 623, Regional Council and/or the individual Defendants have singled out for action.

50.    Defendants have never sought to have DOL proceed against contractors who have signed collective bargaining agreements with the unions affiliated with BTC, or with the Carpenters' Union.

232147 v8

**PKF's Driscoll Bridge Widening Projects**

51.    In 2002, the New Jersey Turnpike Authority (formerly the New Jersey Highway Authority) ("NJTA") awarded PKF contracts known as the "Driscoll Bridge Widening Contract" and the "Driscoll Bridge Widening – Roadway Approaches Contract" (together referred to as "the Driscoll Bridge Projects"). Those contracts were valued in excess of $116,000,000.00.

52.    The Driscoll Bridge Projects were subject to Prevailing Wage Laws. They also were subject to what is known as a Project Labor Agreement ("PLA") which sets forth a mechanism for the resolution of any disputes between PKF and its workers, including disputes over classification and rates of pay.

53.    PKF commenced work on the Driscoll Bridge Projects on or about October, 2002.

54.    In October, 2005, the DOL advised PKF that it intended to conduct an audit of PKF's payroll and pay practices on the Driscoll Bridge Projects. The audit period was for two years prior, commencing in 2003.

55.    PKF cooperated with DOL in all respects in connection with the investigation.

56.    DOL sought little input from PKF other than the large volume of records of payment to employees.  Therefore, DOL had no information provided to it during the investigation from PKF with respect to how it classified employees, or how it determined what rate of pay to pay to any particular

employee.  Notwithstanding, DOL informed PKF on February 7, 2006 that it had
determined that PKF had violated the prevailing wage laws and also notified PKF
that it intended to revoke PKF's Contractor's Registration Certificate and to debar
PKF and its officers from future public works contracts in New Jersey.

57.    Subsequent to receiving the above notification, PKF discovered that
the DOL based its investigation solely on affidavits of six employees on the
Driscoll Bridge Projects to the effect that they had been paid the wrong rates and
had been misclassified as laborers as opposed to carpenters or some other trade
(hereinafter the "Affidavits").

58.    The employees' affidavits were the creation of FFC, Local 623 and
Regional Council, through Defendants St. John, Boyce, Tarby, Spencer and
McCabe.

59.    Defendants FFC, Local 623, Regional Council, St. John, Boyce, Tarby,
Spencer and McCabe suborned perjury in creating the Affidavits.

60.    Defendant Kroll urged the DOL to pursue debarment on the basis that
PKF was a "repeat offender", meaning that it had previously violated the New
Jersey Prevailing Wage laws when he was the Commissioner of Labor for New
Jersey.  These assertions were false and Kroll knew them to be so.  Kroll made
these assertions knowing that they would be accorded special weight by the
DOL.

61.     As a result of the efforts of the Defendants, DOL instituted debarment proceedings against PKF and its officers, including the Plaintiffs named herein.

62.     The only basis for the complaint and debarment proceedings was the false affidavits referred to herein.

63.     During the investigation and enforcement proceedings, DOL informed PKF that if PKF would only sign a collective bargaining agreement with the Local 623, the entire investigation and revocation / debarment proceeding would "go away."

64.     PKF ultimately prevailed at an impartial hearing before an Administrative Law Judge of the State of New Jersey.

65.     Although PKF ultimately prevailed in a hearing, it cost substantial sums in legal and other fees to prove its innocence, which it should not have had to do in the first place.

66.     If defense of spurious claims such as the ones referred to herein are to be assumed by a contractor to be a regular cost of doing business with the State of New Jersey, it is likely that a contractor might not bid on such work, thereby depriving the citizens of the State of New Jersey the benefits of competitive bidding.

**COUNT I**
**42 U.S.C. § 1983: VIOLATION OF PLAINTIFFS' SUBSTANTIVE DUE**
**PROCESS RIGHTS**
**PLAINTIFFS v. ALL DEFENDANTS**

67.     The averments of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

68.     By arrogating to themselves the power of the DOL, with DOL's knowledge and acquiescence, Defendants are acting under color of law and are "state actors".

69.     The effect of Defendants' activities described herein, and similar conduct, has been to limit Plaintiffs' access to the administrative agencies of the State of New Jersey, freedom to contract, pursue their livelihood, and conduct their business, trade or occupation in the State of New Jersey - all of which are rights Plaintiffs enjoy under the Fifth and Fourteenth Amendments to the United States Constitution.

70.     The activities set forth herein comprise a violation of Plaintiffs' substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution in that Plaintiffs are being deprived of property rights, liberty of contract, and the right to livelihood.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants in excess of $150,000 for compensatory damages, plus an amount in excess of $150,000 for punitive damages, plus costs, plus attorney's fees and

such other relief as this Court deems just and proper. Plaintiffs further demand an order:

     1.     Enjoining Defendants from their continued prosecution of Plaintiffs;

     2.     Enjoining Defendants from any attempts to manipulate, access, or use the DOL to prosecute Plaintiffs;

     3.     Enjoining Defendants from interfering with Plaintiffs' present and future contractual relationships.

## COUNT II
## 42 U.S.C. § 1983: VIOLATION OF PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS
## PLAINTIFFS v. ALL DEFENDANTS

71.    The averments of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

72.    By arrogating to themselves the power of the DOL, with DOL's knowledge and acquiescence, Defendants are acting under color of law and are "state actors".

73.    Once awarded public contracts, PKF and its officers have a property interest as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

74.    The effect of Defendants' activities, and similar conduct, has been to remove PKF's and its officers' property interest without proper due process of law.

75.     The activities set forth herein comprise a violation of Plaintiffs'

procedural due process rights under the Fifth and Fourteenth Amendments to the

United States Constitution in that Plaintiffs are being deprived of property rights.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against

Defendants in excess of $150,000 for compensatory damages, plus an amount in

excess of $150,000 for punitive damages, plus costs, plus attorney's fees and

such other relief as this Court deems just and proper.  Plaintiffs further demand

an order:

1.     Enjoining Defendants from their continued prosecution of Plaintiffs;

2.     Enjoining Defendants from any attempts to manipulate, access, or

use the DOL to prosecute Plaintiffs;

3.     Enjoining Defendants from interfering with Plaintiffs' present and

future contractual relationships.

## COUNT III
## 42 U.S.C. § 1983: VIOLATION OF PLAINTIFFS' EQUAL PROTECTION RIGHTS UNDER THE UNITED STATES CONSTITUTION PLAINTIFFS v. ALL DEFENDANTS

76.     The averments of the foregoing paragraphs are incorporated by

reference as if fully set forth herein.

77.     By arrogating to themselves the power of the DOL, with DOL's

knowledge and acquiescence, Defendants are acting under color of law and are

"state actors".

232147 v8

78.    The effect of Defendants' activities has been to cause the laws and administrative procedures of the State of New Jersey to be enforced against only one group of organizations and individuals, namely non-BCT contractors.

79.    Defendants do not cause the laws and administrative procedures of the State of New Jersey to be enforced against other organizations and individuals, such as BCT contractors.

80.    The activities set forth herein comprise a violation of Plaintiffs' right to equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants in excess of $150,000 for compensatory damages, plus an amount in excess of $150,000 for punitive damages, plus costs, plus attorney's fees and such other relief as this Court deems just and proper.  Plaintiffs further demand an order:

1.    Enjoining Defendants from their continued prosecution of Plaintiffs;

2.    Enjoining Defendants from any attempts to manipulate, access, or use the DOL to prosecute Plaintiffs;

3.    Enjoining Defendants from interfering with Plaintiffs' present and future contractual relationships.

## COUNT IV
## INTERFERENCE WITH PRESENT AND PROSPECTIVE CONTRACTUAL RELATIONSHIPS
## PLAINTIFFS v. ALL DEFENDANTS

81.     The averments of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

82.     On several occasions, PKF has had contractual, or prospective contractual relationships with state agencies and contractors for the construction of public works projects.

83.     On many occasions, Defendants have acted with a purpose or intent to harm the Plaintiffs by preventing the relationship from accruing through the activities and efforts set forth in this complaint.

84.     Defendants acted without privilege or justification in preventing the relationships from accruing.

85.     Plaintiffs have suffered actual harm and damages as a result of the Defendants' conduct through additional administrative and legal expenses incurred as a result of Defendants' actions.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants in excess of $150,000 for compensatory damages, plus an amount in excess of $150,000 for punitive damages, plus costs, plus attorney's fees and such other relief as this Court deems just and proper.  Plaintiffs further demand an order:

1.     Enjoining Defendants from their continued prosecution of Plaintiffs;

2.      Enjoining Defendants from any attempts to manipulate, access, or use the DOL to prosecute Plaintiffs;

3.      Enjoining Defendants from interfering with Plaintiffs' present and future contractual relationships.

## COUNT V
## CIVIL CONSPIRACY
## PLAINTIFFS v. ALL DEFENDANTS

86.      The averments of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

87.      Defendants have acted in concert with each other in furtherance of their efforts to deprive Plaintiffs of their rights under the United States Constitution and to interfere with Plaintiffs' prospective and future contractual relationships.

88.      Defendants have acted intentionally and deliberately to achieve the unlawful goal of depriving Plaintiffs of their rights under the United States Constitution.

89.      Plaintiffs have sustained actual damages as a result of Defendants' ongoing conspiracy through the additional cost of incurring attorney's fees in connection with frivolous and meritless proceedings brought by the DOL.

90.      Defendants' actions were done with reckless indifference and with malice for the express purpose of harming Plaintiffs.

91.    Defendants are jointly and severally liable for their actions in furtherance of this conspiracy.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants in excess of $150,000 for compensatory damages, plus an amount in excess of $150,000 for punitive damages, plus costs, plus attorney's fees and such other relief as this Court deems just and proper.  Plaintiffs further demand an order:

1.    Enjoining Defendants from their continued prosecution of Plaintiffs;

2.    Enjoining Defendants from any attempts to manipulate, access, or use the DOL to prosecute Plaintiffs;

3.    Enjoining Defendants from interfering with Plaintiffs' present and future contractual relationships.

**FLAMM, BOROFF & BACINE, P.C.**
794 Penllyn Pike
Blue Bell, PA 19446
Tel: (267) 419-1500
Fax: (267) 419-1560

By:_____
     Walter H. Flamm, Jr.
     Robert J. Krandel
     Attorneys for Plaintiffs,
     PKF Mark III, Inc.
     Peter E. Getchell
     Stephen P. Neidhart
     Craig L. Kolbman
     Glenn A. Ely
     Mitchell Baland

232147 v8