UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PKF MARK III INC., PETER E. GETCHELL, STEPHEN P. NEIDHART, CRAIG L. KOLBMAN, GLENN A. ELY, MITCHELL BALAND, | : : : | Hon Joseph H. Rodriguez |
| | : | Civil Action No. 08-1452 |
| Plaintiffs, | : | |
| v. | : | MEMORANDUM OPINION |
| FOUNDATION FOR FAIRCONTRACTING, THOMAS ST. JOHN, NEW JERSEY REGIONAL COUNCIL OF CARPENTERS, ROBERT "SKIP" BOYCE, ROBERT TARBY, LOCAL 623 UNITED BROTHERHOOD OF CARPENTERS AND JOINER OF AMERICA, ALBERT G. KROLL, FRANK SPENCER, KEVIN P. MCCABE, | : : : : | & ORDER |
| Defendants. | : | |

This matter has come before the Court on a motion to dismiss of defendants New Jersey Regional Council of Carpenters, Robert "Skip" Boyce, Robert Tarby, Local 623 United Brotherhood of Carpenters and Joiner of America, Albert G. Kroll, Frank Spencer, and Kevin P. McCabe (Docket No. 26) and a motion to dismiss of defendants Foundation for Fair Contracting and Thomas St. John (Docket No. 30). Oral argument was heard on the motions on September 16, 2008, and the record of that proceeding is incorporated here. For the reasons expressed on the record of that date, as well as those set forth below, the motions will be denied without prejudice.

I. BACKGROUND

Plaintiff PKF Mark III ("PKF") is a general contractor engaged in the business of construction of public works projects. The individual Plaintiffs are Pennsylvania citizens, and officers and/or directors of PKF. Defendant Foundation for Fair Contracting ("FFC") is allegedly a New Jersey organization; its executive director is Defendant Thomas St. John. Defendant New Jersey Regional Council of Carpenters ("NJRCC") is a labor organization which operates through its representatives, Defendants Robert "Skip" Boyce, Frank Spencer, and Kevin P. McCabe. Defendant Local 623, United Brotherhood of Capenters and Joiners of America, is also a New Jersey labor organization, with Defendant Robert Tarby as representative/agent. Defendant Albert G. Kroll is a New Jersey attorney, and representative/agent of unions affiliated with the Building and Construction Trades ("BCT"), including Local 623 and NJRCC.

In essence, Plaintiffs allege that the Defendants violated the Fifth and Fourteenth Amendments when they acted under color of state law in bringing spurious proceedings against Plaintiffs under New Jersey's Prevailing Wage Laws. The Plaintiffs assert that the New Jersey Department of Labor ("DOL") essentially has ceded authority to the Defendants[1] to bring actions against employers who are alleged not to have paid the

---

[1] According to the Complaint, Defendants "have developed a close relationship with the representatives of the DOL to the point that the Defendants act as surrogates for the DOL, and the DOL suffers, permits, and approves them to act as its surrogates. In reality, the wage and fringe rates which DOL promulgates as the so-called "prevailing wages" are provided by the Defendants, and unions affiliated with the Building and Construction Trades Department of the AFL-CIO, and virtually no investigation is performed by the DOL to determine whether those wage and fringe rates are in fact the "prevailing" rates of pay. . . . [Defendants] have usurped the powers and duties of DOL, and DOL has in turn abrogated those powers and duties and has accepted that usurpation." (Compl. ¶¶ 35 - 36.)

appropriate wages. The Plaintiffs contend that the Defendants have brought meritless claims against them in order to harass them. They further allege that the Defendants engaged in this conduct because they do not, but want to, represent the Plaintiffs' employees.

According to the Complaint, United Steelworkers AFL-CIO ("USW") is the exclusive representative of PKF's employees for collective bargaining purposes. Thus, Plaintiffs' theory is that Defendants wish to displace USW as the exclusive collective bargaining representative of PKF's employees for purposes of collective bargaining for wages, hours, and other terms and conditions of employment. To that end, Defendants allegedly acted under color of state law to expose PKF "to meritless and expensive audits, and debarment proceedings *brought by the DOL* arising out of the administration of the Prevailing Wage Laws." (Compl. ¶ 39 (emphasis added).)

The Complaint contains five counts, each asserted against all Defendants. Counts 1 through 3 are brought under 42 U.S.C. § 1983. Count 1 alleges violation of the Plaintiffs' substantive due process rights. Count 2 alleges violation of the Plaintiffs' procedural due process rights. Count 3 alleges violation of the Plaintiffs' equal protection rights. The Plaintiffs also bring two state law claims: interference with present and prospective contractual relationships (Count 4) and civil conspiracy (Count 5).

By way of the instant motions, the Defendants seek to have the Complaint against them dismissed because the conduct set forth as the basis of the Complaint does not constitute "state action," as required by section 1983.

## II. DISCUSSION

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6); see In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). A district court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). Moreover, these allegations and inferences must be viewed in the light most favorable to the plaintiff. Id. However, a court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness," Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp.

2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005)) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.").

It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.

Plaintiffs' Constitutional claims are governed by Title 42 U.S.C. § 1983, which does not, by itself, create substantive rights, but instead provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution or created by other federal laws. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). A plaintiff asserting civil rights violations under Section 1983 "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." Groman, 47 F.3d at 638.

Thus, private parties may be liable under § 1983 only when they have acted under color of law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)). The "under color of state law"

requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment.  See Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)).  State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains.  Mark, 51 F.3d at 1141-42.  "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'"  Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.

The Complaint in this case pleads Plaintiffs' causes of action along with the requisite elements, including State action, (see Compl., ¶¶ 39, 68, 72, 77), alleging that Defendants "control, influence, or direct the DOL," that they essentially have "usurped" the DOL to become the State actors in this case.  (Compl., ¶ 40.  See also ¶ 49.)  That is, the Plaintiffs have alleged the existence of a pre-arranged plan by which the DOL

substituted the judgment of the Defendants for its own official authority, thereby "draping" the Defendants with the power of the State.  See Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984) (finding such sufficient).  The Court is mindful that labor unions generally are not regarded as state actors for the purposes of § 1983.  See Figueroa v. City of Camden, 580 F. Supp.2d 390, 401 (D.N.J. 2008) (citing, inter alia, Jackson v. Temple Univ., 721 F.2d 931 (3d Cir. 1983) (affirming summary judgment where plaintiff failed to provide evidence of state action in union's failure to take grievance to arbitration); Johnson v. Int'l Bhd. of Teamsters, Local 830, 256 Fed. Appx. 481, 483 (3d Cir. 2007) ("[L]abor unions are generally not state actors-they are private entities.")).  An "exception to this generalization" has been recognized, however, "when the unions have affirmatively conspired with the state to deprive a plaintiff of his rights."  Id. (citing Johnson v. Int'l Bhd. of Teamsters, Local 380, 2007 WL 775604, No. 06-3699 (E.D. Pa. Mar. 8, 2007), aff'd 256 Fed. Appx. 481 (3d Cir. 2007)).  The Complaint in this case makes specific factual allegations of such.  The Complaint further alleges deprivation of property rights without due process, contractual relationships that were interfered with, and damages sustained as a result of Defendants' conduct.  As such, the allegations of the Complaint are sufficient to withstand the instant motion to dismiss.

### III. CONCLUSION

Accordingly,

IT IS ORDERED on this 23rd day of December, 2008 that the Defendants' motions to dismiss the Complaint [26, 30] are hereby DENIED without prejudice.

    /s/ Joseph H. Rodriguez  
JOSEPH H. RODRIGUEZ  
U.S.D.J.

7