UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PKF MARK III INC., | : | Hon Joseph H. Rodriguez |
| PETER E. GETCHELL, STEPHEN P. | | |
| NEIDHART, CRAIG L. KOLBMAN, | : | |
| GLENN A. ELY, MITCHELL BALAND, | | |
| | : | Civil Action No. 08-1452 |
| Plaintiffs, | | |
| | : | |
| v. | | |
| | : | MEMORANDUM OPINION |
| FOUNDATION FOR FAIRCONTRACTING, | | |
| THOMAS ST. JOHN, NEW JERSEY | : | & |
| REGIONAL COUNCIL OF CARPENTERS, | | |
| ROBERT "SKIP" BOYCE, | : | ORDER |
| ROBERT TARBY, LOCAL 623 UNITED | | |
| BROTHERHOOD OF CARPENTERS AND | : | |
| JOINER OF AMERICA, ALBERT G. KROLL, | | |
| FRANK SPENCER, KEVIN P. MCCABE, | : | |
| | | |
| Defendants. | : | |

This matter has come before the Court on motions for attorney's fees and costs filed by Defendants Local 623 United Brotherhood of Carpenters and Joiners of America, Kevin P. McCabe, New Jersey Regional Council of Carpenters, Frank Spencer, Robert Tarby (Dkt. Entry No. 192), Foundation for Fair Contracting, Thomas St. John (Dkt. Entry No. 194), and Albert G. Kroll (Dkt. Entry No. 195). For the reasons expressed below, the motions will be denied.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff PKF Mark III ("PKF") is a general contractor engaged in the business of construction of public works projects. The individual Plaintiffs are Pennsylvania citizens, officers and/or directors of PKF. Defendant Foundation for Fair Contracting ("FFC") is a New Jersey organization; its executive director is Defendant Thomas St. John. Defendant New Jersey Regional Council of Carpenters ("NJRCC") is a labor

organization which operates through its representatives, Defendants Robert "Skip" Boyce, Frank Spencer, and Kevin P. McCabe.  Defendant Local 623, United Brotherhood of Carpenters and Joiners of America, is also a New Jersey labor organization, with Defendant Robert Tarby as representative/agent.  Collectively, these are the "Carpenter Defendants."  Defendant Albert G. Kroll is a New Jersey attorney, and representative/agent of unions affiliated with the Building and Construction Trades ("BCT"), including Local 623 and NJRCC.

In November of 2007, Plaintiffs filed a five count complaint against Defendants, alleging in essence that the Defendants violated the Fifth and Fourteenth Amendments when they acted under color of state law in bringing spurious proceedings against Plaintiffs under New Jersey's Prevailing Wage Laws.  Plaintiffs contended that the Defendants brought meritless claims against them in order to harass them and further alleged that the Defendants engaged in this conduct because they do not, but want to, represent the Plaintiff's employees.

On December 23, 2008, this Court denied the Motion to Dismiss filed by Defendants, concluding "Plaintiffs have alleged the existence of a prearranged plan by which the DOL substituted the judgment of the Defendants for its own official authority thereby 'draping' the Defendants with the power of the state."  PKF Mark III, Inc. v. Foundation for Faircontracting, 2008 WL 5401626 at *3 (Dec. 23, 2008 D.N.J.).

On December 21, 2010, the Court considered the Motion for Summary Judgment filed by Defendants Kroll and the Carpenter Defendants.  The Court conducted an analysis to determine whether Defendants acted "under color of state law" to satisfy the "state action" requirement of the Fourteenth Amendment and determined that "there

[was] no evidence of any improper relationship between the Defendants and the DOL" and that Plaintiffs had not "articulated whether their theory is that (1) Defendants exercised powers traditionally the exclusive prerogative of the state; (2) the State and Defendants act in concert or jointly to deprive Plaintiffs of their rights; (3) the Defendants and the DOL have a symbiotic relationship as joint participants in the unconstitutional activity." PKF Mark III, Inc. v. Foundation for Fair Contracting, 2010 WL 5392628 at *7 (Dec. 21, 2010 D.N.J.). Finding that the Plaintiffs had not met their burden to show State action, summary judgment was granted in favor of Defendants.

On April 5, 2011, the Court considered the Motion for Summary Judgment filed by the remaining Defendants (FFC and St. John) and, citing the same reasoning it employed in its prior summary judgment decision, the Court found in favor of Defendants.

Defendants have now filed three separate motions for attorney's fees and costs pursuant to 42 U.S.C. § 1988. Carpenter Defendants filed their motion on April 28, 2011 (Dkt. Entry No. 192), Defendants FFC and St. John filed their motion on May 5, 2011 (Dkt. Entry No. 194), and Defendant Kroll filed his motion on May 6, 2011 (Dkt. Entry No. 195). All Defendants argue that Plaintiffs' alleged causes of action were "frivolous, vexatious or meritless" and therefore Plaintiffs should have to bear the full costs of litigation. Plaintiffs assert that their claims were not meritless and thus the Defendants' Motions for Attorney's Fees should be denied. Alternatively, Plaintiffs contend that Defendants' motions are untimely and unreasonable. The parties' consolidated arguments are considered below.

3

## II.  DISCUSSION

### A. Standard for Attorney's Fees Under § 1988

Pursuant to 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title . . . the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ."  By passing § 1988, Congress meant to provide a limited exception to the rule that litigants must pay their own attorney's fees.  Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 415 (1978) (citing Alyeska Pipeline Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)).  While prevailing plaintiffs should ordinarily recover attorney's fees under § 1988 unless special circumstances would render such an award unjust, a prevailing defendant is entitled to attorneys fees only upon finding that the plaintiff's action was "frivolous, unreasonable, or without foundation."  Christiansburg, 434 U.S. at 421.

The Supreme Court has indicated that "it is important that a . . . court resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation."  Barnes v. Township of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001) (citing Christiansburg, 434 U.S. at 421-22).  Accordingly, a grant of summary judgment in favor of a civil rights defendant does not mean the defendant is entitled to attorney's fees.  See Bisciglia v. Kenosha Unified Sch. Dist. No. 1, 45 F.3d 223, 227-229 (7th Cir. 1995); Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993).  Indeed, "[t]here is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success . . . .  [I]t is only the latter

that permits defendants to recover attorney's fees." Veneziano v. Long Island Pipe Fabrication & Supply Corp., 238 F. Supp. 2d 683, 689 (D.N.J. 2002) (quoting Khan v. Gallitano, 180 F.3d 829, 837 (7th Cir. 1999)).

A plaintiff's claim may reach the requisite level of frivolity during the course of litigation which may not be evident from the outset. "Implicit in this approach is the premise that plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." Brown v. Borough of Chambersburg, 903 F.2d 274 (3d Cir. 1990). "If a plaintiff's claim appears to be colorable when filed, but subsequent events clearly demonstrate that the claim is not defensible either on the law or the facts, fees may be awarded to a prevailing defendant if the plaintiff does not timely dismiss the litigation." 10 Moore's Federal Practice § 54.171 (citing Hoover v. Armco, Inc., 915 F.2d 355, 357 (8th Cir. 1990)).

The Third Circuit has articulated several factors that should be considered when determining whether a plaintiff's unsuccessful civil rights claim was frivolous, unreasonable or without foundation, including "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits." Barnes, 242 F.3d at 158 (citing E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997)). Courts in the Third Circuit have also considered "whether the question in issue was one of first impression requiring judicial resolution, the controversy is based sufficiently upon a real threat of injury to the plaintiff, the trial court has made a finding that the suit was frivolous under the Christiansburg guidelines, and the record supports such a finding." Barnes, 242 F.3d at 158. These factors, however, should not be considered in a vacuum and

"[d]eterminations regarding frivolity are to be made on a case-by-case basis." L.B. Foster Co., 123 F.3d at 751 (citing Sullivan v. School Bd. of Pinellas Cnty., 773 F.2d 1182, 1189 (11th Cir. 1985)).  Courts in this district are generally hesitant to award attorney's fees to successful defendants except under rare circumstances.  See Veneziano v. Long Island Pipe Fabrication & Supply Corp., 238 F. Supp. 2d 683, 693 (D.N.J. 2002) (finding that plaintiff's arguments that are "weak with little chance of success" do not rise to the level set forth by Christiansburg).

  Although the fact that the Plaintiffs' claims did not meet the necessary standard to survive the summary judgment phase of litigation is relevant, it is by no means dispositive in finding that the claim was frivolous.  See Sturgis v. Mattel, Inc., 525 F. Supp. 2d 695 (D.N.J. 2007) (finding that even though the Court granted summary judgment, "it has not determined that this action was frivolous."); Batteast Const. Co., Inc. v. Henry County Bd. of Comm'rs, 202 F. Supp. 2d 864 (S.D. Ind. 2002) ("Federal courts ordinarily find that a plaintiff's losing on a summary judgment is, by itself, insufficient to ground a finding of 'frivolousness.'"); Riddle v. Egensperger, 266 F.3d 542 (6th Cir. 2001) ("A plaintiff who continues to litigate claims after discovery has concluded, proceeds to summary judgment and a judge thereafter rules that the claims are without merit, does not necessarily support the conclusion that the plaintiff's claims were frivolous, unreasonable or groundless, especially if there are viable claims intertwined to the meritless claims.").

6

**B. Analysis**

The Court declines to find in this case that the Plaintiffs' action was frivolous, unreasonable, or without foundation. Defendants argue to the contrary, pointing to this Court's summary judgment opinion as evidence that Plaintiffs' cause of action was frivolous, vexatious, or meritless. Specifically, Defendants cite the Court's finding that "[t]here is no evidence of a pre-arranged plan by which the DOL substituted the judgment of the Defendants for its own official authority, thereby 'draping' the Defendants with the power of the State." PKF Mark III, Inc. v. Foundation for Fair Contracting, 2010 WL 539628 at *4 (D.N.J. Dec. 21, 2010). Defendants claim that Plaintiffs had no facts to make out the legal elements of their claims and thus should have to pay the Defendants' attorney's fees and costs. Although the Court found that there was no genuine issue of material fact present to allow the case to go to trial, that alone is not sufficient to warrant an award of attorney's fees.

Rather, this Court never implied that Plaintiffs' case was frivolous. In the Court's opinion denying the Defendants' motion to dismiss, the Court affirmed the fact that Plaintiffs had developed a prima facie case against Defendants by making allegations sufficient to withstand the motion to dismiss by pleading "causes of action along with the requisite elements, including State action, alleging that Defendants 'control, influence, or direct the DOL . . . .'" PKF Mark III Inc. v. Foundation for Fair Contracting, 2008 WL 5401626 at *3 (D.N.J. Dec. 23, 2008). Although the Court subsequently concluded that there was "no evidence" tending to support the Plaintiffs' contentions, it did not declare that the claims were frivolous from the outset of the litigation process. By denying the Plaintiffs' motion to dismiss, the Court surmised that

7

discovery was necessary to evaluate Plaintiffs' complaint. To find the Plaintiffs' original contentions "frivolous and vexatious" in this case would be to engage in the kind of hindsight evaluation that the Supreme Court disfavors.

Although Defendants did not offer to settle, the case did not go through to trial and this was not an issue of first impression, the other recognized factors weigh in favor of Plaintiffs. Plaintiffs' allegations that Defendants had usurped the power of the Department of Labor posed a real threat of injury to Plaintiffs. Plaintiffs feared that they had been and would continue to be disfavored by the Department of Labor due to the Defendants' alleged association with the Department. Plaintiffs' allegations were "extremely fact specific" and an extensive discovery process was necessary to determine whether the Defendants had "usurped" the DOL to become State actors. Even though Plaintiffs were unable to uncover any evidence proving as much, at no point during the course of litigation was it obvious to the Court that Plaintiffs' claims were frivolous, vexatious, or groundless or that the continuation of discovery was sure to be a fruitless effort.

Additionally, nothing in the record indicates that Plaintiffs continued to pursue their claims in bad faith. Plaintiffs perceived, albeit mistakenly, that they had endured a constitutional wrong. They engaged in the process statutorily provided to them and ultimately failed to prove their case. Absent a showing of obviously malicious or vexatious efforts on the part Plaintiffs, it would be a chilling decision in this case to punish Plaintiffs for attempting to assert their constitutional rights.[1]

---

[1] Because the Court concludes that an award of attorney's fees and costs is not warranted in this case, it need not address the procedural deficiencies raised by Plaintiffs.

### III.  CONCLUSION

Accordingly,

IT IS ORDERED on this 30th day of November, 2011, that the three pending motions for attorney's fees [192, 194, 195] are hereby <u>DENIED</u>.

 /s/ Joseph H. Rodriguez<br>
JOSEPH H. RODRIGUEZ<br>
U.S.D.J.